*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HACKEL, GROSS, and BLOSSER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Javier J. GALINDO**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202300148**

_____

Decided: 15 November 2023

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Matthew R. Brower

Sentence adjudged 2 March 2023 by a general court-martial convened at Joint Base Pearl Harbor-Hickam, Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 36 months, forfeiture of all pay and allowances, and a dishonorable discharge.[1]

For Appellant:
*Commander Kyle C. Kneese, JAGC, USN*

_____

[1] Appellant was credited with 38 days of pretrial confinement.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, and Appellant having not challenged the factual sufficiency of this case, we have determined that the findings are correct in law, the sentence is correct in law and fact, and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we find the conviction for possession digital images in the Specification of Charge II to be legally insufficient. In a colloquy with trial counsel, the military judge confirmed the guilty plea involved videos only.[3] The stipulation of fact and the military judge's guilty plea inquiry with Appellant each support this same conclusion.[4] Although the military judge erred by not excepting the language "digital images and" from the specification prior to finding Appellant guilty, we find this excess language had no impact on Appellant's sentence. Nonetheless, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[5] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that the modified Entry of Judgment be included in the record.

The findings, except for the words "digital images and" in the Specification of Charge II, and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[2] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

[3] R. at 47.

[4] Pros. Ex. 1; R. at 40-66.

[5] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300148 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Javier J. GALINDO**<br>Sergeant (E-5)<br>U.S. Marine Corps<br><br>*Accused* | *As Modified on Appeal*<br><br>**15 November 2023** |

On 2 March 2023, the Accused was tried at Joint Base Pearl Harbor-Hickam, Hawaii, by a general court-martial, consisting of a military judge sitting alone. Military Judge Matthew R. Brower presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **Attempted sexual abuse of a child by wrongfully committing a lewd act upon a person believed to be a child who had not attained the age of 16 years on or about 22 January 2023.**

*Plea:* Guilty.
*Finding:* Guilty.

**Charge II:** **Violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.**

*Plea:* Guilty.
*Finding:* Guilty

**Specification:** **Knowingly and wrongfully possessed child pornography on or about 13 July 2023, to wit: videos of minors engaging in sexually explicit conduct.**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 2 March 2023, a military judge sentenced the Accused to the following:

**Reduction to pay grade E-1.**

**Confinement for a total of 36 months, as follows:**

*For the Specification of Charge I:*

> confinement for 36 months.

*For the Specification of Charge II:*

> confinement for 36 months.

The terms of confinement will run concurrently.

**Total forfeitures of all pay and allowances.**

**A Dishonorable Discharge.**

The Accused has served 38 days of pretrial confinement and shall be credited with 38 days of confinement already served, to be deducted from the adjudged sentence to confinement.

The convening authority took no action on the case.

FOR THE COURT:

*Mark K. Jamison*

MARK K. JAMISON
Clerk of Court